IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| THERESA GAMEZ | § |
| | § |
| VS. | § |
| | § |
| DILLON TRANSPORT, INC.; DILLON | § |
| TRANSPORT, INC. IN ITS COMMON | § |
| OR ASSUMED NAME; GREAT WEST | § |
| CASUALTY COMPANY, LEXINGTON | § |
| INSURANCE COMPANY; OLD | § |
| REPUBLIC SURETY COMPANY; | § |
| NATIONAL UNION FIRE INSURANCE | § |
| COMPANY OF PITTSBURGH, P.A.; | § |
| KENNETH EUGENE JENNINGS AND | § |
| MIGUEL A. GARCIA, SR. | § |

---

### NOTICE OF REMOVAL

### BY GREAT WEST CASUALTY COMPANY AND OLD REPUBLIC SURETY COMPANY

---

TO THE HONORABLE COURT:

Defendants Great West Casualty Company and Old Republic Surety Company hereby remove the action captioned Cause no. 2016DCV-4123-B, *Theresa Gamez vs. Dillion Transport, Inc.; Dillion Transport, Inc. in its Common or Assumed Name; Great West Casualty Company, Lexington Insurance Company; Old Republic Surety Company; National Union Fire Insurance Company of Pittsburgh, P.A.; Kenneth Eugene Jennings; and Miguel A. Garcia, Sr., Deceased* from the 117th Judicial District Court of Nueces County, Texas, to this Honorable Court pursuant to 28 U.S.C. §§1441 and 1446 and, as grounds for removal, state as follows:

### INTRODUCTION

1. This is a action for declaratory judgment in which Plaintiff seeks various declarations regarding her entitlement to insurance policy proceeds and amounts of supersedeas bonds related to a verdict rendered against Dillon Transport and Kenneth Jennings in a matter captioned, Cause

---

No.2015DCV-0235-B; *Theresa Gamez vs. Dillion Transport, Inc., et. Al.* in the 117th Judicial District Court, Nueces County, Texas, (the "Underlying Action"). The Underlying Action arises from a motor vehicle collision involving Plaintiff, Miguel A. Garcia, Sr.; and Dillon Transport, Inc.'s employee Kenneth Jennings.

2.      On or about August 18, 2016, Plaintiff Theresa Gamez filed a First Amended Original Petition for Declaratory Judgment, ("Plaintiff's Amended Petition"), in the 117th Judicial District Court of Nueces County, Texas, against Dillon Transport, Inc.; Dillon Transport, Inc., in its common or assumed name; Dillon Transport, Inc.'s insurers: Great West Casualty Company and Lexington Insurance Company; sureties on bonds posted related to the Underlying Action: Old Republic Surety Company; National Union Fire Insurance Company of Pittsburgh, PA.; Dillon Transport's employee, Kenneth Eugene Jennings; and Miguel A. Garcia, Sr., (hereinafter, collectively "Defendants") seeking various declarations regarding her entitlement to insurance policy proceeds and amounts of supersedeas bonds related to the Underlying Action.

3.      Specifically, Plaintiff seeks the following declarations:

a.      the insurance companies may not use the proceeds of the liability insurance policies to collateralize the supersedeas bonds;

b.      if her judgment is affirmed on appeal, Theresa Gamez can collect the full amount of liability insurance and the full amount of the supersedeas bonds, not to exceed her judgment amount with post judgment interest;

c.      the insurance policies do not get reduced for any amounts paid by the supersedeas bonds; and,

d.       the supersedeas bonds do not get reduced for any amounts paid by the insurance policies.

*See,* Pet., ¶ 26, included in Exhibit 1.

4.       On or about August 29, 2016 Old Republic Surety Company was served with a copy of Plaintiff's Amended Petition in the 117th Judicial District Court of Nueces County, Texas.  *See* Citation included in Exhibit 1.

5.       On or about September 6, 2016, Defendant Great West Casualty Company agreed to waive service of Plaintiff's Amended Petition in the 117th Judicial District Court of Nueces County, Texas.

## PAPERS FROM REMOVED ACTION

6.       As required by 28 U.S.C. §1446(a),  as well as the Southern  District's Local Rules, copies of all process, pleadings, orders, docket sheet, and other papers for this case on file in the 117th Judicial District Court of Nueces County, Texas are attached collectively as Exhibit 1.

## TIMELINESS OF REMOVAL

7.       In accordance with 28 U.S.C. §1446(b), this Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Amended Petition on Old Republic Surety Company and has been filed within one year of the commencement of this action.

## VENUE

8.       Venue of this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

## BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

9.       This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because Plaintiff, Theresa Gamez, and the true parties in interest, Defendants, Dillon Transport, Inc.; Great West Casualty Company; Lexington Insurance Company; Old Republic Surety Company; and National Union Fire Insurance Company of Pittsburgh, PA.; Inc., are citizens of different states and the amount in controversy in this action exceeds $75,000, exclusive of interest, attorneys' fees and costs.

10.      Plaintiff, Theresa Gamez, is a citizen of Texas with her residence located in Nueces County, Texas. *See,* Pet., ¶ 3, included in Exhibit 1.

11.      Plaintiff alleges that Dillon Transport, Inc. is a citizen of the State of Illinois.  *See,* Pet., ¶ 4, included in Exhibit 1. Plaintiff further alleges that "Dillon Transport, Inc., in its common or assumed name" "is believed to be one and the same as Dillon Transport, Inc.," *See,* Pet., ¶ 5, included in Exhibit 1.   On August 18, 2016, the date on which Plaintiff filed her petition in State Court, and also on September 28, 2016, the date on which Defendants Great West Casualty Company and Old Republic Surety Company filed this Notice of Removal to this Court, Dillon Transport was a citizen of the State of Illinois.

12.      Plaintiff alleges that Defendant Great West Casualty Company is a "foreign corporation with its principal place of business in South Sioux City, Nebraska." *See,* Pet., ¶ 6, included in Exhibit 1. On August 18, 2016, the date on which Plaintiff filed her petition in State Court, and also on September 28, 2016, the date on which Defendants Great West Casualty Company and Old Republic Surety Company filed this Notice of Removal to this Court, Great West Casualty Company was incorporated under the laws of the State of Nebraska, with its principal place of business in South Sioux City, Nebraska.

13.      Plaintiff alleges that Defendant Lexington Insurance Company is a "foreign corporation with its principal place of business in Boston, Massachusetts." *See,* Pet., ¶ 7, included in Exhibit 1. On August 18, 2016, the date on which Plaintiff filed her petition in State Court, and also on September 28, 2016, the date on which Defendants Great West Casualty Company and Old Republic Surety Company filed this Notice of Removal to this Court, Lexington Insurance Company was **incorporated in Delaware with its principal place of business in Boston, Massachusetts.**

14.      Plaintiff alleges that Defendant Old Republic Surety Company is a "foreign corporation." *See,* Pet., ¶ 8, included in Exhibit 1.  On August 18, 2016, the date on which Plaintiff filed

her petition in State Court, and also on September 28, 2016, the date on which Defendants Great West Casualty Company and Old Republic Surety Company filed this Notice of Removal to this Court, Old Republic Surety Company was incorporated under the laws of the state of Wisconsin, with its principal place of business in Brookfield, Wisconsin.

15.     Plaintiff alleges that National Union Fire Insurance Company is a "foreign corporation." *See,* Pet., ¶ 9, included in Exhibit 1. On August 18, 2016, the date on which Plaintiff filed her petition in State Court, and also on September 28, 2016, the date on which Defendants Great West Casualty Company and Old Republic Surety Company filed this Notice of Removal to this Court, National Union Fire Insurance Company was incorporated in Pennsylvania with its principal place of business in New York, New York.

16.     Plaintiff has also sued Kenneth Eugene Jennings, alleged to be a resident of Travis County, Texas. Because Kenneth Eugene Jennings is a nominal defendant, his citizenship may be disregarded. *Morgan v. State Farm Fire & Cas. Co*., No. V-10-11, 2010 U.S. Dist. LEXIS 76549, at *8-9 (S.D. Tex. 2010); *Dawson v. Legion Indem. Co.,* Civil No. 3:99-CV-2772-H, 2000 U.S. Dist. LEXIS 1111, at *7 (N.D. Tex. 2000).

17.     Plaintiff has also sued Miguel A. Garcia, Sr. ("Garcia"), alleged to be a resident of Nueces County, Texas. Miguel A. Garcia is a not even insured under the insurance policies issued by Great West Casualty Company and Lexington Insurance Company.  Pet., ¶¶ 20-21, included in Exhibit 1.  Garcia is not named in the bonds issued by Old Republic Surety Company or National Union Fire Insurance Company. Pet., ¶¶ 23-24, included in Exhibit 1.  Because Garcia is a nominal and fraudulent defendant, his citizenship may be disregarded..  See *Salazar v. AllState Tex. Lloyd's, Inc*., 455 F.3d 574 (5th Cir. 2006).

## AMOUNT IN CONTROVERSY

18.     There is now–and there was at the time of commencement of this lawsuit–complete diversity of citizenship among the parties with an amount in controversy in excess of the jurisdictional minimum of this Court. Plaintiff alleges in her Petition that the "claim involves an amount over $1,000,000.00. *See,* Pet., ¶ 2, included in Exhibit 1.  In an action for declaratory judgment, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When a "right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961).  Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, and this case is within this Court's removal jurisdiction pursuant to 28 U.S.C. §1441(a) and (b).

## CONSENT

19.     All defendants who are true parties in interest to Plaintiff's action, namely: Dillon Transport, Inc.; Dillon Transport, Inc.; Lexington Insurance Company; and National Union Fire Insurance Company of Pittsburgh, PA have consented  to the removal of this case to federal court. See, Exhibit B. *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150-1151 (11th Cir. 2009).  Consent of Jennings and Garcia is not necessary because they are nominal and fraudulently-joined defendants, as set forth above.  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). In the abundance of caution, the Consent of Jennings is also attached and included in Exhibit B.

## NOTICE OF FILING NOTICE OF REMOVAL

20.     In accordance with 28 U.S.C. §1446(d), concurrent to the filing of his Notice, Defendant Hale is filing a copy of this Notice with the Clerk of the District Court for the 117th Judicial District Court of Nueces County, Texas to effect this removal.

WHEREFORE, Defendants Great West Casualty Company and Old Republic Surety Company remove this action to this Court for all future proceedings and trial.

Respectfully submitted this 28th day of September, 2016.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/Sarah R. Smith*

SARAH R. SMITH
Texas Bar No. 24056346
USDC-SD Texas Admission No. 1196616
sarah.smith@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767  Telephone
(713) 759-6830  Facsimile

***Attorneys for Defendant, Great West Casualty Company and Old Republic Surety Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished to Plaintiff's counsel, noted below, via the Court's ECF filing system on this 27th day of September, 2016:

William R. Edwards
The Edwards Law Firm
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas 78401-0023

*Attorney for Plaintiff*

Reagan W. Simpson
Yetter Coleman LLP
909 Fannin, Suite 3600
Houston, Texas 70010

*Attorney for Dillon Transport, Inc. and*
*Dillon Transport in its common or assumed name*

Elizabeth H. River
Wright & Close, LLP
One Riverway, Suite 2200
Houston, Texas 77056

*Attorney for Lexington Insurance Company and*
*National Union Fire Insurance Company of*
*Pittsburgh, PA*

Craig S. Smith
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

*Attorney for Miguel Garcia*

Douglas E. Chaves
CHAVES, OBREGON & PERALES , L.L.P.
Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, Texas  78470

*Attorney for Kenneth Eugene Jennings*

                                        /s/ Sarah R. Smith
                                   Sarah R. Smith