# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil & Family Search  Refine Search  Back          Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 2016DCV-4123-B

| | | |
|---|---|---|
| Theresa Gamez vs. Dillon Transport, Inc.,Dillon Transport, Inc. In Its Common or Assumed Name,Great West Casualty Company, et al | § § § § § | Case Type: **Contract - Other** <br> Date Filed: **08/15/2016** <br> Location: **117th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Dillon Transport, Inc.** | **Reagan W. Simpson** <br> *Retained* <br> 713-632-8075(W) |
| **Defendant** | **Dillon Transport, Inc. In Its Common or Assumed Name** | **Reagan W. Simpson** <br> *Retained* <br> 713-632-8075(W) |
| **Defendant** | **Garcia, Miguel A., Sr.** | **Craig S. Smith** <br> *Retained* <br> 3619496906(W) |
| **Defendant** | **Great West Casualty Company** | |
| **Defendant** | **Jennings, Kenneth Eugene** | **Douglas E. Chaves** <br> *Retained* <br> 361-884-5400(W) |
| **Defendant** | **Lexington Insurance Company** | |
| **Defendant** | **National Union Fire Insurance Company of Pittsburg, PA** | |
| **Defendant** | **Old Republic Surety Company** | |
| **Plaintiff** | **Gamez, Theresa** | **William R. Edwards, III** <br> *Retained* <br> 361-698-7600(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/15/2016 | **Original Petition (OCA)** | | |
| 08/15/2016 | **Original Petition Documents E-filed** | | |
| | *Plaintiff's Original Petition for Declaratory Judgment & Request for Disclosure (jury fee pd)* | | |
| 08/15/2016 | **Civil Case Information Sheet** | | |
| | *Civil Case Information Sheet* | | |
| 08/15/2016 | **Service Request Information Sheet** | | |
| | *Nueces County Process Request Sheet* | | |
| 08/15/2016 | **Jury Fee Paid** | | |
| 08/17/2016 | **Letter** | | |
| | *Citation Request Cancellation Letter* | | |
| 08/18/2016 | **Amended Petition** | | |
| | *Plaintiffs' First Amended Original Petition for Declaratory Judgment and Requests for Disclosure* | | |
| 08/18/2016 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 08/26/2016 | **Citation** | | |
| | Dillon Transport, Inc. | Served <br> Response Due <br> Returned | 08/29/2016 <br> 09/19/2016 <br> 08/31/2016 |
| | Great West Casualty Company | Unserved | |
| | Old Republic Surety Company | Served <br> Response Due <br> Returned | 08/29/2016 <br> 09/19/2016 <br> 08/31/2016 |
| | Jennings, Kenneth Eugene | Served <br> Response Due <br> Returned | 09/15/2016 <br> 10/10/2016 <br> 09/20/2016 |
| | Garcia, Miguel A., Sr. | Served <br> Response Due | 08/27/2016 <br> 09/19/2016 |

|            |                                                               | Returned  | 08/31/2016 |
|------------|---------------------------------------------------------------|-----------|------------|
|            | National Union Fire Insurance Company of Pittsburgh, PA       | Unserved  |            |
| 08/26/2016 | **Citation - Secretary of State**                             |           |            |
|            | Lexington Insurance Company                                   | Unserved  |            |
| 08/31/2016 | **Proof of Service**                                          |           |            |
|            | *Citation - Dillon Transport, Inc.*                           |           |            |
| 08/31/2016 | **Proof of Service**                                          |           |            |
|            | *Citation - Miguel A. Garcia Jr.*                             |           |            |
| 08/31/2016 | **Proof of Service**                                          |           |            |
|            | *Citation - Old Republic Surety Company*                      |           |            |
| 09/06/2016 | **Rule 11 Agreement**                                         |           |            |
|            | *Rule 11 Agreement*                                           |           |            |
| 09/12/2016 | **Rule 11 Agreement**                                         |           |            |
|            | *Rule 11 Agreement*                                           |           |            |
| 09/16/2016 | **Original Answer**                                           |           |            |
|            | *Original Answer of Dillon Transport, Inc. and Dillon Transport, in its Common or Assumed Name* | | |
| 09/20/2016 | **Proof of Service**                                          |           |            |
|            | *Original Affidavit of Service and Citation - Kenneth Eugene Jennings* | | |
| 09/22/2016 | **Original Answer**                                           |           |            |
|            | *Original Answer of Defendant Kenneth Eugene Jennings*        |           |            |
| 09/22/2016 | **Original Answer**                                           |           |            |
|            | *Miguel Garcia's Original Answer*                             |           |            |

---

**FINANCIAL INFORMATION**

|            |                                  |                              |                 |          |
|------------|----------------------------------|------------------------------|-----------------|----------|
|            | **Plaintiff** Gamez, Theresa     |                              |                 |          |
|            | Total Financial Assessment       |                              |                 | 424.00   |
|            | Total Payments and Credits       |                              |                 | 424.00   |
|            | **Balance Due as of 09/27/2016** |                              |                 | **0.00** |
| 08/16/2016 | Transaction Assessment           |                              |                 | 424.00   |
| 08/16/2016 | E-file Payment                   | Receipt # 2016-12787-DCCLK   | Gamez, Theresa  | (424.00) |

Filed
8/15/2016 9:05:02 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. _____
2016DCV-4123-B

| | | |
|---|---|---|
| **THERESA GAMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **DILLON TRANSPORT, INC.;** | § | |
| | § | |
| **DILLON TRANSPORT, INC. IN ITS** | § | |
| **COMMON OR ASSUMED NAME;** | § | |
| | § | |
| **GREAT WEST CASUALTY COMPANY;** | § | |
| | § | |
| **LEXINGTON INSURANCE COMPANY;** | § | |
| | § | |
| **OLD REPUBLIC SURETY COMPANY;** | § | |
| | § | |
| **KENNETH EUGENE JENNINGS;** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **MIGUEL A. GARCIA, SR.** | § | |
| **Defendants.** | § | **NUECES COUNTY, TEXAS** |

_____

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT and REQUEST FOR DISCLOSURE

_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THERESA GAMEZ, Plaintiff herein, and for cause of action respectfully shows:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery pursuant to Level 3, Rule 190.4 of the Texas Rules of Civil Procedure.

## REQUEST FOR DISCLOSURE

2.     Pursuant to Rule 194, all Defendants are hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2.

## PARTIES

3.     THERESA GAMEZ, Plaintiff, is a resident of Nueces County, Texas. Upon rendition of judgment in *Theresa Gamez vs. Dillon Transport, Inc., et al*, Cause No. 2015DCV 0235 B, in the 117th District Court of Nueces County Texas (underlying case), Gamez acquired standing to seek a declaration of rights and to recover as a third party beneficiary on the two policies of insurance owned by Dillon Transport, Inc. covering the wreck in question. Upon filing of the supersedeas bonds in the underlying case, Gamez acquired standing to seek a declaration of rights vis a vis the two policies of insurance and the two supersedeas bonds.

4.     DILLON TRANSPORT, INC., Defendant, is an entity organized under the laws of the state of Illinois.  It is registered to do business in the state of Texas. Service of process may be made by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.  *Service is requested at this time*. This company was a Defendant in the underlying case.

5.     DILLON TRANSPORT, INC. IN ITS COMMON OR ASSUMED NAME, is believed to be one and the same as DILLON TRANSPORT, INC. described in the

preceding paragraph, and it is believed that this entity will be served when DILLON TRANSPORT, INC. is served. This company was a Defendant in the underlying case.

6.      GREAT WEST CASUALTY COMPANY, Defendant, is a foreign corporation with its principal place of business in South Sioux City, NE.  It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, David Sargent, 901 Main Street, Suite 5200, Dallas Texas 75202 -3705.  *Service is requested at this time*. This company wrote a policy of liability insurance that covered Dillon Transport, Inc. and Kenneth Jennings in the underlying case.

7.      LEXINGTON INSURANCE COMPANY, Defendant, is a foreign corporation with its principal place of business in Boston, Massachusetts. At all times material to this action, this entity has engaged in business in Texas, but does not maintain a principal place of business in Texas and has no designated agent in Texas on whom service of citation may be made.  Thus, pursuant to Texas Civil Practice and Remedies Code, section 17.044, it may be served by substituted service on the Texas Secretary of State at the following address: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Upon receipt of this petition and citation, the Texas Secretary of State is requested to deliver the process via certified mail to Defendant's home office located at the following address: 100 Summer St., Boston, Massachusetts 02110-2103. *Service is requested at this time*. This company wrote a policy of excess liability

insurance that covered Dillon Transport, Inc. and Kenneth Jennings in the underlying case.

8.     OLD REPUBLIC SURETY COMPANY Defendant, is a foreign corporation. It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, Corporation Service Company, 211 East 7th, Street Suite 620, Austin Texas 78701-3218.  *Service is requested at this time*. This company is a surety on a supersedeas bond filed in the underlying case.

9.     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant, is a foreign corporation. It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218.  *Service is requested at this time*. This company is a surety on a supersedeas bond filed in the underlying case.

10.    KENNETH EUGENE JENNINGS, Defendant, is a resident of Travis County, Texas, and may be served at his place of residence, 14301 Cummins Way, Manor, Texas  78653.  *Service is requested at this time*. This individual was a Defendant in the underlying case.

11.    MIGUEL A. GARCIA, SR., Defendant, is a resident of Nueces County, Texas and may be served at his place of residence, 1341 Tyler Ave., Corpus Christi, Texas 78415.  *Service is requested at this time.* This individual was a Defendant in the underlying case.

## JURISDICTION and VENUE

12.   This Court has subject matter jurisdiction because the claims asserted here fall within the general jurisdiction of a District Court. Venue is proper in Nueces County, Texas, because Plaintiff, THERESA GAMEZ is a resident of Nueces County, Defendant, MIGUEL A. GARCIA, SR. is a resident of Nueces County, Texas, the underlying case was filed and tried to a jury in Nueces County, and the judgment in the underlying case was rendered in Nueces County. Finally, the supersedeas bonds described herein were filed in the underlying case in Nueces County, Texas.

## FACTS

13.   This is a declaratory judgment action brought by Plaintiff and Judgment Creditor Theresa Gamez who is a third party beneficiary of two insurance policies known as:

Great West Casualty Company

Policy Number GWP41891F

$1 million policy limit


Lexington Insurance Company

Follows Form Policy Number 015438040

An additional $4 million policy limit

14.     This declaratory judgment policy also concerns the supersedeas bonds filed in Cause No. 2015DCV-0235-B.  A controversy exists between the parties concerning whether the insurance proceeds may be unilaterally used by the judgment debtors or insurers to bond the judgment, or whether the policies and supersedeas bonds as they are written may be stacked.  All Parties are interested in a written contract (the policies) and the supersedeas bonds, and their rights, status, and legal relations are affected by such writings.  This Court has power to declare the parties' rights, status, or legal relations. TEX. CIV. PRAC. & REMS CODE ANN. 37.003 (Vernon 2007).  The Parties are entitled to have this Court determine questions of construction or validity arising under these contracts, and to obtain a declaration of rights, status, and legal relations thereunder.  TEX. CIV. PRAC. & REMS CODE ANN. 37.004 (Vernon 2007).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited and required to answer herein according to law, that this cause be set for trial, and the court render judgment declaring all parties' rights and obligations under these writings, together with judgment for costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiff may in law or in equity show herself justly entitled.

Respectfully submitted,

THE EDWARDS LAW FIRM
P.O. Box 480 (78403-0480)
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas  78401-0023
Telephone:  (361) 698-7600
Facsimile :  (361) 698-7614

By:   */s/ William R. Edwards, III*
        WILLIAM R. EDWARDS, III
        *(Attorney in Charge)*
        State Bar No. 06465010
        bedwards@edwardsfirm.com
        WILLIAM R. EDWARDS
        State Bar No. 06465000
        wedwards@edwardsfirm.com
        ANGELINA BELTRAN
        State Bar No. 02111700
        abeltran@edwardsfirm.com

        **For service by E-Mail or E-Service:**
        **ELFnotification@edwardsfirm.com**

        **ATTORNEYS FOR PLAINTIFF**
        **THERESA GAMEZ**

Filed
8/18/2016 10:36:57 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2016DCV-4123-B

| | | |
|---|---|---|
| **THERESA GAMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **117TH JUDICIAL DISTRICT** |
| | § | |
| **DILLON TRANSPORT, INC.;** | § | |
| | § | |
| **DILLON TRANSPORT, INC. IN ITS** | § | |
| **COMMON OR ASSUMED NAME;** | § | |
| | § | |
| **GREAT WEST CASUALTY COMPANY;** | § | |
| | § | |
| **LEXINGTON INSURANCE COMPANY;** | § | |
| | § | |
| **OLD REPUBLIC SURETY COMPANY;** | § | |
| | § | |
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, PA.;** | § | |
| | § | |
| **KENNETH EUGENE JENNINGS;** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **MIGUEL A. GARCIA, SR.** | § | |
| **Defendants.** | § | **NUECES COUNTY, TEXAS** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION FOR DECLARATORY JUDGMENT and REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff, Theresa Gamez, and files her First Amended Original Petition for Declaratory Judgment and Request for Disclosure, against the Defendants, DILLON TRANSPORT, INC., DILLON TRANSPORT, INC. in its common or assumed name,

GREAT WEST CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC SURETY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., KENNETH EUGENE JENNINGS, and MIGUEL A. GARCIA, SR., and respectfully shows:

## I.   DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery pursuant to Level 3, Rule 190.4 of the Texas Rules of Civil Procedure.

## II.   TRCP 47(c) STATEMENT

2.     Plaintiff seeks declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. To the extent this matter can be construed as a claim for monetary relief, then Plaintiff states the claim involves an amount over $1,000,000.00.

## III.   PARTIES

3.     THERESA GAMEZ, Plaintiff, is a resident of Nueces County, Texas. She is the plaintiff in *Theresa Gamez vs. Dillon Transport, Inc., et al*, Cause No. 2015DCV-0235-B, in the 117th District Court of Nueces County Texas (subsequently referred to herein as "underlying case"). When judgment was rendered in her favor in the underlying case, Gamez acquired standing to seek a declaration of rights and to recover as a third party beneficiary on two policies of liability insurance that provide insurance coverage to Dillon Transport, Inc. and Kenneth Jennings for the judgment rendered against them in the underlying case. Upon filing of the supersedeas bonds in the underlying case, Gamez

acquired standing to seek a declaration of rights vis a vis the two policies of insurance and the two supersedeas bonds.

4.    DILLON TRANSPORT, INC., Defendant, is an entity organized under the laws of the state of Illinois.  It is registered to do business in the state of Texas. Service of process may be made by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.  *Service is requested at this time*. This company was a defendant in the underlying case.

5.    DILLON TRANSPORT, INC. IN ITS COMMON OR ASSUMED NAME, Defendant, is believed to be one and the same as DILLON TRANSPORT, INC. described in the preceding paragraph, and it is believed that this entity will be served when DILLON TRANSPORT, INC. is served. This company was a defendant in the underlying case.

6.    GREAT WEST CASUALTY COMPANY, Defendant, is a foreign corporation with its principal place of business in South Sioux City, NE.  It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, David Sargent, 901 Main Street, Suite 5200, Dallas Texas 75202 - 3705. *Service is requested at this time*. This company wrote a policy of liability insurance that covered Dillon Transport, Inc. and Kenneth Jennings in the underlying case.

7.    LEXINGTON INSURANCE COMPANY, Defendant, is a foreign corporation with its principal place of business in Boston, Massachusetts. At all times material to this action, this entity has continuously and systematically engaged in business

in Texas, but does not maintain a principal place of business in Texas and has no designated agent in Texas on whom service of citation may be made.  Thus, pursuant to Texas Civil Practice and Remedies Code, section 17.044, it may be served by substituted service on the Texas Secretary of State at the following address: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Upon receipt of this petition and citation, the Texas Secretary of State is requested to deliver the process via certified mail to Defendant's home office located at the following address: 100 Summer St., Boston, Massachusetts 02110-2103. ***Service is requested at this time***. This company wrote a policy of excess liability insurance that covered Dillon Transport, Inc. and Kenneth Jennings in the underlying case. This policy of insurance was purchased by Dillon Transport, Inc. to cover its trucking operations and its truck drivers in all states in which Dillon Transport, Inc. operates, which includes the state of Texas. This policy of insurance was sold by Lexington Insurance Company with the knowledge and the intent that it would cover the operation of Dillon trucks in Texas, and the operation of such a truck in Texas and Dillon's trucking business in Texas was the subject matter of the underlying case.

      8.    OLD REPUBLIC SURETY COMPANY, Defendant, is a foreign corporation. It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, Corporation Service Company, 211 East 7th, Street Suite 620, Austin Texas 78701-3218. ***Service is requested at this time***. This company is a surety on a supersedeas bond filed in the underlying case.

9.      NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant, is a foreign corporation. It is registered to do business in the state of Texas. Service of process may be made by serving its registered attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218. *Service is requested at this time*. This company is a surety on a supersedeas bond filed in the underlying case.

10.     KENNETH EUGENE JENNINGS, Defendant, is a resident of Travis County, Texas, and may be served at his place of residence, 14301 Cummins Way, Manor, Texas  78653. *Service is requested at this time*. This individual was a defendant in the underlying case.

11.     MIGUEL A. GARCIA, SR., Defendant, is a resident of Nueces County, Texas and may be served at his place of residence, 1341 Tyler Ave., Corpus Christi, Texas 78415. *Service is requested at this time.* This individual was a defendant and a cross-plaintiff in the underlying case.

## IV.      JURISDICTION and VENUE

12.     This Court has subject matter jurisdiction because the claims asserted herein fall within the general jurisdiction of a district court. Venue is proper in Nueces County, Texas, because Plaintiff, THERESA GAMEZ is a resident of Nueces County; Defendant, MIGUEL A. GARCIA, SR. is a resident of Nueces County; the underlying case was filed and tried to a jury in Nueces County; and the judgment in the underlying case was rendered

in Nueces County. Finally, the supersedeas bonds described herein were posted and filed in the underlying case in Nueces County.

## V.  FACTS

### A.  UNDERLYING CASE

13.   On January 15, 2015, Theresa Gamez filed her original petition in the underlying case, naming as defendants: Dillon Transport, Inc.; Dillon Transport, Inc. in its common or assumed name; Kenneth Jennings; and Miguel Garcia, Sr.

14.   On February 23, 2015, Dillon Transport, Inc., Dillon Transport, Inc. in its common or assumed name, and Kenneth Jennings, filed their original answers in the underlying case.

15.   On February 24, 2015, Miguel Garcia, Sr., filed his original answer and his cross-claim against the cross-defendants, Dillon Transport, Inc., Dillon Transport, Inc. in its common or assumed name, and Kenneth Jennings, in the underlying case.

16.   On December 2, 2015, the Court called the underlying case for trial, and all parties, by and through counsel, announced ready. Trial commenced.

17.   On December 18, 2015, the jury returned a verdict in the underlying case.

18.   On January 19, 2016 the trial court entered judgment in favor of Theresa Gamez as follows:

a.   as against Dillon Transport, Inc., judgment in the amount of $6,098,508.95,[1] plus post judgment interest at the rate of 5% per year, compounded annually.

b.   as against Kenneth Jennings, judgment in the amount of $1,239,366.70,[2] plus post judgment interest at the rate of 5% per year, compounded annually.

19.   On January 19, 2016 the trial court entered judgment in favor of Miguel Garcia, Sr. as follows:

a.   as against Dillon Transport, Inc., judgment in the amount of $18,953,228.24,[3] plus post judgment interest at the rate of 5% per year, compounded annually.

b.   as against Kenneth Jennings, judgment in the amount of $4,735,174.46 plus post judgment interest at the rate of 5% per year, compounded annually.

### B.   LIABILITY INSURANCE

20.   A policy of insurance written by Great West Casualty Company, policy number GWP41891F, provides insurance coverage for Dillon Transport, Inc., Dillon Transport, Inc. in its common or assumed name, and Kenneth Jennings, for the claims made against them in the underlying case, in the amount of $1 million plus coverage for, inter alia, prejudgment interest, post judgment interest, and the expense of a supersedeas bond.

---

[1] This amount represents $6,054,794.40 in damages plus prejudgment interest in the amount of $43,714.55.

[2] This amount represents $1,230,958.88 in damages, plus prejudgment interest in the amount of $8,407.82.

[3] This amount represents $18,626,298.97 in damages, plus prejudgment interest in the amount of $326,929.27.

21.    A policy of insurance written by Lexington Insurance Company, policy number 015438040, provides excess insurance coverage for Dillon Transport, Inc., Dillon Transport, Inc. in its common or assumed name, and Kenneth Jennings, for the claims made against them in the underlying case, in the amount of $4 million plus coverage for, inter alia, prejudgment interest, post judgment interest, and the expense of a supersedeas bond.

### C.    NOTICE OF APPEAL AND SUPERSEDEAS BONDS

22.    On April 12, 2016 Dillon Transport, Inc. and Kenneth Jennings filed their notices of appeal.

23.    On April 26, 2016 Dillon transport, Inc. and Kenneth Jennings filed a supersedeas bond in the amount of $1 million, with Old Republic Surety Company as surety.

24.    On April 26, 2016 Dillon Transport, Inc. filed another supersedeas bond in the amount of $3,117,064.00, with the National Union Fire Insurance Co. of Pittsburgh, Pennsylvania as surety.

## VI.    DECLARATORY JUDGMENT

25.    Questions have arisen that create uncertainty and insecurity with respect to the rights, status, and other legal relations between the parties to this action, and on which Plaintiff seeks the Court's declaratory relief pursuant to Chapter 37, Texas Civil Practice and Remedies Code:

   a.    May the insurance companies use the proceeds of the liability insurance policies, in which Theresa Gamez has a third-party beneficiary interest, to

collateralize the supersedeas bonds that are posted to suspend execution by Gamez on the judgment?

b.    Given the circumstances described previously in this petition, if Theresa Gamez's judgment is affirmed on appeal, can she collect the full amount of liability insurance and the full amount of the supersedeas bonds, not to exceed her judgment amount? Or, do the insurance policies get reduced for any amounts paid by the supersedeas bonds, or do the supersedeas bonds get reduced for any amounts paid by the insurance policies?

26.    Theresa Gamez seeks a declaratory judgment that:

a.    the insurance companies may not use the proceeds of the liability insurance policies to collateralize the supersedeas bonds;

b.    if her judgment is affirmed on appeal, Theresa Gamez can collect the full amount of liability insurance and the full amount of the supersedeas bonds, not to exceed her judgment amount with post judgment interest;

c.    the insurance policies do not get reduced for any amounts paid by the supersedeas bonds; and,

d.    the supersedeas bonds do not get reduced for any amounts paid by the insurance policies.

27.    All persons who have or claim any interest that would be affected by the declaration are made parties hereto.

28.   All conditions precedent necessary to the maintenance of this action have occurred.

## VII.   XII.   REQUESTS FOR DISCLOSURE

29.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is hereby requested to disclose within 50 days of service of this request, the information and materials described in Rule 194.2(a)-(l).

## VIII.   XIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited and required to answer herein according to law, that this cause be set for trial, and the court render judgment declaring all parties' rights and obligations under these writings, together with judgment for costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiff may in law or in equity show herself justly entitled.

Respectfully submitted,

THE EDWARDS LAW FIRM
P.O. Box 480 (78403-0480)
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas  78401-0023
Telephone:  (361) 698-7600
Facsimile :  (361) 698-7614

By:    */s/ William R. Edwards, III*
        WILLIAM R. EDWARDS, III
        *(Attorney in Charge)*
        State Bar No. 06465010
        bedwards@edwardsfirm.com
        WILLIAM R. EDWARDS
        State Bar No. 06465000
        wedwards@edwardsfirm.com
        ANGELINA BELTRAN
        State Bar No. 02111700
        abeltran@edwardsfirm.com

        **For service by E-Mail or E-Service:**
        **ELFnotification@edwardsfirm.com**

        **ATTORNEYS FOR PLAINTIFF**
        **THERESA GAMEZ**

**Garcia, Priscilla**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, August 18, 2016 10:47 AM |
| **To:** | Garcia, Priscilla |
| **Subject:** | eFileTexas.gov - Filing Accepted - 12237223 |



# Filing Accepted
Envelope Number: **12237223**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| **Court** | Nueces County - District Court |
| **Case Number** | 2016DCV-4123-B |
| **Case Style** | Theresa Gamezvs.Dillon Transport, Inc.,Dillon Transport, Inc. In Its Common or Assumed Name,Great West Casualty Company, et al |
| **Date/Time Submitted** | 8/18/2016 10:36:57 AM CDT |
| **Date/Time Accepted** | 8/18/2016 10:46:52 AM CDT |
| **Accepted Comments** | Thank you for e-filing, have a nice day!! /AT |
| **Filing Type** | Amended Petition |
| **Activity Requested** | EFile |
| **Filed By** | Priscilla Garcia |

| Document Details | |
|---|---|
| **Lead File** | First Am POP and RFD.pdf |
| **Lead File Page Count** | 11 |
| **File Stamped Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=83112fc2-9eef-4d63-8499-107a03a45bb4<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| Online: https://prodocefile.com<br>Phone: (800) 759-5418<br>Available 24x7 and online with chat |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

1

Filed
9/6/2016 12:39:28 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

# LEWIS
# BRISBOIS
# BISGAARD
# & SMITH LLP
ATTORNEYS AT LAW

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Fax: 713.759.6830
www.lewisbrisbois.com

SARAH R. SMITH
DIRECT DIAL: 832.460.4622
SARAH.SMITH@LEWISBRISBOIS.COM

September 2, 2016

File No.
23551.146

William R. Edwards
The Edwards Law Firm
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas 78401-0023

Via Email: bedwards@edwardsfirm.com;
wedwards@edwardsfirm.com;
abeltran@edwardsfirm.com

Re:   Cause No.2016DCV-4123-B; *Theresa Gamez vs. Dillion Transport, Inc.; Dillion Transport, Inc. in its Common or Assumed Name; Great West Casualty Company, Lexington Insurance Company; Old Republic Surety Company; National Union Fire Insurance Company of Pittsburgh, P.A.; Kenneth Eugene Jennings; and Miguel A. Garcia, Sr.*; in the 117th Judicial District Court, Nueces County, Texas

Dear Mr. Edwards:

This correspondence is intended to serve as a Rule 11 Agreement wherein Plaintiff has agreed to extend the deadline for Defendants, Great West Casualty Company and Old Republic Surety Company to file responsive pleadings until September 30, 2016, and these Defendants agree to waive service of Citation.

If you are in agreement, please execute this document where indicated and return same to my office for filing with the Court.

Very truly yours,

*/s/ Sarah R. Smith*

Sarah R. Smith for
LEWIS BRISBOIS BISGAARD & SMITH LLP

SRS

September 2, 2016
Page 2

The Edwards Law Firm
PO Box 480 (78403-0480)
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas 78401-0023
Telephone: (361) 698-7600
Facsimile: (361) 698-7614
William R. Edwards, III (Attorney in Charge)
State Bar no. 06465010
bedwards@edwardsfirm.com
William R. Edwards
State Bar no. 06465000
wedwards@edwardsfirm.com
Angelina Beltran
State Bar no. 02111700
abeltran@edwardsfirm.com

Filed
9/12/2016 2:18:45 PM
Anne Lorentzen
District Clerk
Nueces County, Texas



**ELIZABETH H. RIVERS**
rivers@wrightclose.com

August 26, 2016

William R. Edwards
THE EDWARDS LAW FIRM
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, TX 78401-0023

Re:   *Gamez v. Lexington Insurance Company and National Union Fire Insurance
Company of Pittsburgh, Pa., et al.*; Cause No. 2016DCV-4123-B

## RULE 11 AGREEMENT

Dear Mr. Edwards,

This will confirm our agreement that we will accept service on behalf of
Lexington Insurance Company and National Union Fire Insurance Company of
Pittsburgh, Pa., and Lexington and National Union will have until September 30, 2016 to
respond to Gamez's First Amended Petition. If this accurately reflects our agreement,
please sign below and return pursuant to Texas Rule of Civil Procedure 11.

Sincerely,

*/s/ Elizabeth H. River*
Elizabeth H. Rivers

EHR:kcj

AGREED:

_____
William R. Edwards, III

WRIGHT & CLOSE, LLP
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

Filed
9/16/2016 8:21:50 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2016DCV-4123-B

| | | |
|---|---|---|
| THERESA GAMEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| DILLON TRANSPORT, INC., | § | |
| DILLON TRANSPORT, INC., IN ITS | § | |
| COMMON OR ASSUMED NAME, | § | 117TH JUDICIAL DISTRICT |
| GREAT WEST CASUALTY COMPANY, | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| OLD REPUBLIC SURETY COMPANY, | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, PA, | § | |
| KENNETH EUGENE JENNINGS and | § | |
| MIGUEL A. GARCIA, SR. | § | NUECES COUNTY, TEXAS |

## ORIGINAL ANSWER OF
## DILLON TRANSPORT, INC. AND
## <u>DILLON TRANSPORT, IN ITS COMMON OR ASSUMED NAME</u>

Defendants Dillon Transport, Inc. and Dillon Transport, Inc., in its common or assumed name, file this Original Answer to Plaintiff's First Amended Original Petition for Declaratory Judgment as follows:

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, defendants deny each and every, all and singular, the allegations contained in the First Amended Original Petition and respectfully requests that the Court require plaintiff to prove her allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

2.      Defendants respectfully reserve the right at this time to amend their answer to plaintiff's allegations after they have had the opportunity to more closely investigate these claims, as is their right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

**Prayer**

Defendants Dillon Transport, Inc. and Dillon Transport, Inc., in its common or assumed name, respectfully pray that this Court render judgment, that plaintiff take nothing in this suit and that defendants be awarded their costs and legal fees, and for such other and further relief, general or special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

s/ Reagan W. Simpson
REAGAN W. SIMPSON
rsimpson@yettercoleman.com
State Bar No. 18404700
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Telephone: (713) 632-8000
Facsimile: (713) 632-8002

**ATTORNEY FOR DEFENDANT
DILLON TRANSPORT, INC. AND
DILLON TRANSPORT IN ITS COMMON
OR ASSUMED NAME**

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of September, 2016, a true and correct copy of the above and foregoing pleading was forwarded to counsel of record, via e-filing:

William R. Edwards III
William R. Edwards
Angelina Beltran
802 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401-0023
*Via (as requested): ELFnotification@edwardsfirm.com*

/s/ Reagan W. Simpson
Reagan Simpson

316,693

Filed
9/22/2016 4:09:18 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

**Cause No. 2016DCV-4123-B**

| | | |
|---|---|---|
| **THERESA GAMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **vs.** | § | **117**$^{\text{TH}}$ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **DILLON TRANSPORT, INC.,** | § | |
| **DILLON TRANSPORT, INC., IN ITS** | § | |
| **COMMON OR ASSUMED NAME,** | § | |
| **GREAT WEST CASUALTY COMPANY,** | § | |
| **LEXINGTON INSURANCE COMPANY,** | § | |
| **OLD REPUBLIC SURETY COMPANY,** | § | |
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, PA,** | § | |
| **KENNETH EUGENE JENNINGS and** | § | |
| **MIGUEL A. GARCIA, SR.** | § | **NUECES COUNTY, TEXAS** |

## ORIGINAL ANSWER OF DEFENDANT KENNETH EUGENE JENNINGS

Defendant Kenneth Eugene Jennings, files this Original Answer to Plaintiff's First Amended Original Pet8ition for Declaratory Judgment as follows:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the First Amended Original Petition and respectfully requests that the Court require Plaintiff to prover her allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

2.      Defendant respectfully reserves the right at this time to amend his answer to Plaintiff's allegations after he has had the opportunity to more closely investigate these claims, as is his right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

## PRAYER

Defendant Kenneth Eugene Jennings, respectfully pray that this Court render judgment, that Plaintiff take nothing in this suit and that Defendant be awarded his costs and legal fees, and

for such other and further relief, general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**CHAVES, OBREGON & PERALES, L.L.P.**
802 North Carancahua, Suite 2100
Corpus Christi, Texas  78401
(361) 884-5400
(361) 884-5401 facsimile

By:   /s/Douglas E. Chaves
DOUGLAS E. CHAVES
State Bar No. 04161400
dchaves@crrlawfirm.com
**ATTORNEY FOR DEFENDANT,
KENNETH EUGENE JENNINGS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of September, 2016 a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record by regular U. S. First Class Mail and Facsimile.


_____/s/Douglas E. Chaves_____
DOUGLAS E. CHAVES


***<u>Via e-file, U.S. Mail &/or Facsimile</u>***

William R. Edwards III
William R. Edwards
Angelina Beltran
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401-0023
***Attorney for Plaintiff***

Reagan W. Simpson
rsimpson@yettercoleman.com
State Bar No. 18404700
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
713/632-8000
713/632-8002 facsimile
***Attorney for Defendant Dillon Transport, Inc. and Dillon Transport in its Common or Assumed Name***

Filed
9/22/2016 5:48:38 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2016DCV-4123-B

| | | |
|---|---|---|
| **THERESA GAMEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **DILLON TRANSPORT, INC.;** | § | |
| | § | |
| **DILLON TRANSPORT, INC. IN ITS** | § | |
| **COMMON OR ASSUMED NAME;** | § | |
| | § | |
| **GREAT WEST CASUALTY COMPANY;** | § | |
| | § | **117TH JUDICIAL DISTRICT** |
| **LEXINGTON INSURANCE COMPANY;** | § | |
| | § | |
| **OLD REPUBLIC SURETY COMPANY;** | § | |
| | § | |
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, PA.;** | § | |
| | § | |
| **KENNETH EUGENE JENNINGS;** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **MIGUEL A. GARCIA, SR.** | § | |
| **Defendants.** | § | **NUECES COUNTY, TEXAS** |

## MIGUEL GARCIA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE WATTS:

Comes now Miguel Garcia respectfully showing the Court as follows:

Miguel Garcia hereby enters a general denial.

Respectfully submitted,

/s/ Craig S. Smith
SB# 18553570
14493 S.P.I.D., suite A, P.M.B. 240
Corpus Christi, Tx. 78418
csslawrr@gmail.com
361 728 8037

## CERTIFICATE OF SERVICE

I certify that on September 22, 2016, I eserved this original answer on the following counsel listed below:

Billy Edwards
THE EDWARDS LAW FIRM
P.O. Box 480 (78403-0480)
Frost Bank Plaza
802 North Carancahua Street, Suite 1400
Corpus Christi, Texas  78401-0023
Telephone:  (361) 698-7600
bedwards@edwardsfirm.com

/s/ Craig S. Smith
Craig S. Smith

CAUSE NO. 2016DCV-4123-B

| | | |
|---|---|---|
| THERESA GAMEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 117th JUDICIAL DISTRICT |
| | § | |
| DILLON TRANSPORT, INC.; DILLON | § | |
| TRANSPORT, INC. IN ITS COMMON | § | |
| OR ASSUMED NAME; GREAT WEST | § | |
| CASUALTY COMPANY; LEXINGTON | § | |
| INSURANCE COMPANY; OLD | § | |
| REPUBLIC SURETY COMPANY; | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH, PA.; | § | |
| KENNETH EUGENE JENNINGS; AND | § | |
| MIGUEL A. GARCIA, SR. | § | |
| Defendants. | § | NUECES COUNTY, TEXAS |

**DEFENDANTS LEXINGTON INSURANCE COMPANY AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S
PLEA TO THE JURISDICTION, AND SUBJECT THERETO,
ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL
PETITION FOR DECLARATORY JUDGMENT**

Defendants Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") file this Plea to the Jurisdiction, and subject thereto, answer Plaintiff's First Amended Original Petition for Declaratory Judgment as follows:

## I.    Plea to the Jurisdiction

The Court lacks jurisdiction over this matter, and should therefore dismiss Plaintiff's action as premature.  Plaintiff brings this cause of action under the Texas Declaratory Judgment Act, which requires a justiciable controversy, not merely a theoretical dispute:

> A declaratory-judgment action will lie within the trial court's subject-matter jurisdiction when a justiciable controversy exists as to the rights and status of the parties before the court for adjudication, and the requested declaration will actually resolve the controversy. A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a theoretical dispute. A justiciable controversy is to be distinguished from an advisory opinion, which is prohibited under the Texas and federal constitutions. If a justiciable controversy does not exist, the trial court must dismiss the case for lack of subject-matter jurisdiction.

*Transportation Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.) (internal citations omitted).

"Ripeness is one aspect of justiciability." *Id.* at 228. In this case, Plaintiff's cause of action is not yet ripe—it is premature. Plaintiff "seek[s] a declaration of rights and to recover as a third party beneficiary on two policies of liability insurance that provide insurance coverage to Dillon Transport, Inc. and Kenneth Jennings for the judgment rendered against them in the underlying case." (1st Am. Pet. ¶ 3) Plaintiff asserts that she acquired standing as a third-party beneficiary upon the trial court's rendition of judgment in the underlying case, but that is incorrect. A plaintiff's cause of action against a defendant's insurance company accrues when the plaintiff has a "final judgment" against the defendant, but "final judgment" in this context means "the trial court's plenary power to alter the judgment has expired and execution on the judgment, if appealed, has not been superseded." *Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 157 (Tex. App.—Houston [1st Dist.] 1995, no pet.); *see also Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988) ("[T]he term 'final,' as applied to judgments, has more than one meaning.").

As Plaintiff acknowledges, the underlying case is on appeal and the judgment has been superseded.  (1st Am. Pet. ¶¶ 22–24)

Because the underlying judgment has been superseded while appeal is pending, Plaintiff lacks standing to bring this declaratory judgment action.  If Dillon and Jennings are successful on appeal, the underlying judgment will either be reversed and judgment rendered in the defendants' favor, or reversed and remanded for a new trial.  Under either scenario, the declaration Plaintiff seeks is moot.  Plaintiff will have standing as a third-party beneficiary of the defendants' insurance policies only if the defendants exhaust all appeals without success.  Because that has not and may not happen, Plaintiff's claim is a mere theoretical dispute, prohibited under the Texas Declaratory Judgments Act.  The Court should therefore dismiss Plaintiff's suit for lack of jurisdiction.

## II.    General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Lexington and National Union plead a general denial and respectfully request that the Court require plaintiff to prove her allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

Lexington and National Union reserve the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright
State Bar No. 22059400
Elizabeth H. Rivers
State Bar No. 24052020
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, TX 77056
Telephone:  713-572-4321
Facsimile:  713-572-4320
wright@wrightclose.com
rivers@wrightclose.com

Darrell L. Barger
State Bar No. 01733800
HARTLINE DACUS BARGER DREYER LLP
800 N. Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
Telephone: 361-866-8000
Facsimile:  361-866-8039
dbarger@hdbdlaw.com

*Attorneys for Defendants Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 23rd of September, 2016.

*/s/ Elizabeth H. Rivers*
Elizabeth H. Rivers

4